Crane M. Pomerantz, Esq.
Nevada Bar No. 14103
Austin Barnum, Esq.
Nevada Bar No. 15174
CLARK HILL PLLC
1700 South Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135
Telephone:    (702) 862-8300
Facsimile:    (702)862-8400
cpomerantz@clarkhill.com
abarnum@clarkhill.com

*Attorneys for Defendant Boruchowitz*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>DAVID E. BORUCHOWITZ,<br><br>Defendant. | 2:23-cr-0149-APG-BNM<br><br>**Stipulation To Continue Sentencing and Proposed Order** |

The undersigned parties respectfully submit the following Stipulation and Proposed Order for the Court's consideration.

IT IS HEREBY STIPULATED AND AGREED, by and between undersigned counsel for the government and undersigned counsel for the defendant, David E. Boruchowitz, that the sentencing date of **June 10, 2025**, be vacated and continued to **July 15, 2025**, or such other date convenient to the Court after July 12, 2025.

This Stipulation is entered into for the following reasons:

1. On May 5, 2025, the Department of Probation (the "Department") served on the parties its Presentence Investigation Report ("PSR").

1

2. On May 12, 2025, the Defendant submitted extensive objections to the PSR in a fifteen (15) page letter that also contained four exhibits. On May 19, 2025, the government submitted its objections to the PSR.

3. On May 30, 2025, at approximately 3:19 pm, the Department served its revised PSR. Because Defendant's Sentencing Memorandum would be due on June 3, 2025, and because the Defendant continues to have substantial objections to both the guideline calculations contained in the PSR and the substance of several paragraphs in the PSR, the Defendant would have insufficient time to prepare an adequate Sentencing Memorandum.

4. A carefully prepared Sentencing Memorandum is crucial to the adequate defense of Mr. Boruchowitz. The additional time requested herein is necessary to afford counsel additional time to prepare the defendant's Sentencing Memorandum.

5. The parties have conferred with the Court's Courtroom Deputy who recommended that July 15, 2025 is most convenient date for the Court for the sentencing hearing. Counsel for the defendant will be out of the district for pre-paid travel between July 2, 2025 and July 12, 2025.

6. The defendant is not in custody and agrees to this continuance.

//

//

//

//

//

//

//

//

7.  This is the first request to continue sentencing in this case.

**WHEREFORE**, the parties respectfully request that the Court accept this Stipulation and enter an Order, vacating the present sentencing hearing set for June 10, 2025, and continuing it until July 15, 2025, or such other time convenient to the Court.

**DATED** this 2nd day of June 2025.

Respectfully submitted,

SIGAL CHATTAH
Interim United States Attorney

| /s/ *Steven W. Myhre* | /s/ *Crane M. Pomerantz* |
|---|---|
| STEVEN W. MYHRE  JUSTIN WASHBURNE  Assistant United States Attorneys | CRANE M. POMERANTZ  AUSTIN BARNUM |
| *Attorneys for the United States* | *Attorneys for Defendant* |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:23-cr-0149-APG-BNW |
| v. | |
| DAVID E. BORUCHOWITZ, | **ORDER** |
| Defendant. | |

This matter coming on the parties' Stipulation to Continue Trial, the Court having considered the premises therein, and for good cause shown, the Court accepts the Stipulation and **FINDS** as follows.

1. On May 5, 2025, the Department of Probation (the "Department") served on the parties its Presentence Investigation Report ("PSR").

2. On May 12, 2025, the Defendant submitted extensive objections to the PSR in a fifteen (15) page letter that also contained four exhibits. On May 19, 2025, the government submitted its objections to the PSR.

3. On May 30, 2025, at approximately 3:19 pm, the Department served its revised PSR. Because Defendant's Sentencing Memorandum would be due on June 3, 2025, and because the Defendant continues to have substantial objections to both the guideline calculations contained in the PSR and the substance of several paragraphs in the PSR, the Defendant would have insufficient time to prepare an adequate Sentencing Memorandum.

4. A carefully prepared Sentencing Memorandum is crucial to the adequate defense of Mr. Boruchowitz. The additional time requested herein is necessary to afford counsel additional time to prepare the defendant's Sentencing Memorandum.

8. The parties have conferred with the Court's Courtroom Deputy who recommended that July 15, 2025 is most convenient date for the Court for the sentencing hearing. Counsel for the defendant will be out of the district for pre-paid travel between July 2, 2025 and July 12, 2025.

5. The defendant is not in custody and agrees to this continuance.

**IT IS THEREFORE ORDERED:**

1. The present sentencing hearing scheduled for June 10, 2025 is **VACATED** and **CONTINUED**;

2. The sentencing hearing is rescheduled for July 15, 2025 at 9:30am; and

3. Defendant shall submit his Sentencing Memorandum at least seven (7) days prior to the new sentencing date.

**IT IS SO ORDERED** this 3rd day of June 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DITRICT JUDGE